IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

D. DUSTIN,

         Petitioner,            No. 2:10-cv-2107 JFM (HC)

    vs.

RAUL LOPEZ, Warden,          <u>ORDER AND</u>

         Respondent.      <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules Governing Section 2254 Cases. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition

1   (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each

2   ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition

3   must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory

4   Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a petition that are

5   vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d

6   at 491.

7          Further, the Advisory Committee Notes to Rule 8 indicate that the court may

8   dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to

9   the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory

10  Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.

11  2001).

12                                    BACKGROUND

13         Petitioner, who is currently incarcerated at Corcoran State Prison ("CSP"), was

14  sentenced in June 1995 to a term of 39 years, 4 months, and assessed a restitution fine.  See Pet.

15  at 11.  Although the precise nature of the petition is unclear[1], it appears that petitioner is

16  contesting the imposition of the restitution fine, as well as his conviction for, inter alia, alleged

17  violations of the Fifth, Sixth and Fourteenth Amendments.  Petitioner also requests a photocopy

18  of the entire state court record because he asserts that his copy was improperly disposed of by

19  CSP staff on January 8, 2003.  See Doc. No. 1 at 46.  Lastly, petitioner seeks appointment of

20  counsel.

21

22

---

23         [1] Petitioner has filed multiple complaints pursuant to 42 U.S.C. § 1983 and petitions for
    habeas relief pursuant to 28 U.S.C. § 2254 in this court.  Repeatedly, the court has addressed the
24  illegibility of the pleadings, the vagueness of the claims and the disorganized formatting, making it
    difficult for the court to read and understand petitioner's claims.  See, e.g., 1:03-cv-5626-AWI-LJO,
25  Doc. No. 10; 1:05-cv-0697-AWI-DLB, Doc. No. 24; 2:08-cv-0995-GEB-DAD, Doc. No. 31.  Upon
    review of the petition and the attached documents, the court has deciphered the petition as best as
26  it can.

1          Following his conviction and sentence in June 1995, petitioner sought direct

2  review in the state appellate court.  See Doc. No. 1 at 18.  That petition was denied in 1996.[2]

3  Petitioner then sought review before the state supreme court.[3]  On an unidentified date, that court

4  denied his appeal as untimely.  See Doc. No. 1 at 18.

5          Petitioner filed a petition for writ of habeas corpus in an unidentified state court

6  either in 1996 or 1997.  See Doc. No. 1 at 18.  His petition was subsequently denied by the state

7  appellate court.  Id.  It is unclear whether petitioner appealed to the state supreme court.

8          Petitioner then appears to have filed a second petition for writ of habeas corpus in

9  the Tehama County Superior Court, which summarily denied the petition on July 12, 2010 as

10  incoherent and ineligible, and as untimely with citation to In re Clark, 5 Cal.4th 750 (Cal. 1993).

11  See Doc. No. 1 at 20.  There is no indication that petitioner appealed to either the California

12  Court of Appeal or to the California Supreme Court.

13                              DISCUSSION

14          Upon careful consideration, the undersigned finds that it plainly appears from the

15  face of the petition that petitioner's claims are barred by the statute of limitations

16  A.     Timeliness of the Petition

17          Because the instant petition was filed after April 24, 1996, the effective date of the

18  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), AEDPA applies in this

19  proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997);

20  Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

21          Under the AEDPA statute of limitations, a petition for writ of habeas corpus

22  generally must be filed within one year from "the date on which the judgment became final by

23  conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

24  _____

25      [2]  Petitioner fails to identify the dates of his appeals other than by year.

26      [3]  Petitioner does not identify either the date or year of this appeal.

3

§ 2244(d)(1)(A).  The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. § 2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

In the present case, petitioner's conviction and sentence became "final" within the meaning of AEDPA either in 1996 or 1997.  Even without knowing the precise date, it is clear that the instant petition is untimely, having been filed in 2010, at least thirteen years later.  While the statute of limitations may be tolled to account for a petitioner's applications for post-conviction relief or collateral review in the state courts, see 28 U.S.C. § 2244(d)(2), and can be equitably tolled under "extraordinary circumstances," see Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003), no such grounds for tolling exist here.  Therefore, the petition should be dismissed as untimely.

Insofar as petitioner contends that his legal documents were improperly disposed of by CSP correctional officers and, as relief, seeks a photocopy of those documents, those claims are properly brought pursuant to 42 U.S.C. § 1983.  Those claims, however, are also barred by the statute of limitations.

The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the forum state's statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 277 (1985).  The statute of limitations in the instant case is one year.  Cal. Code of Civ. Pro. § 340(3).  The Ninth Circuit has also held that the appropriate statute of limitations for § 1983 claims in California is one year.  McDougal v. County of Imperial, 942 F.2d 668, 672 (9th Cir. 1991).

Where a federal court borrows a state's statute of limitations, federal law determines when the period begins to run.  Mosesian v. Peat, Marwick, Mitchell & Co., 727 F.2d 873 (9th Cir.), cert. denied, 469 U.S. 932 (1984).  Under federal law, the limitation period begins

1   to run when the plaintiff knows or has reason to know of the injury that is the basis for the action.

2   Trotter v. International Longshoreman's and Warehousemen's Union, Local 13, 704 F.2d 1141,

3   1143 (9th Cir. 1983).

4         Here, petitioner was aware of the loss of his legal property as early as September

5   5, 2003, as evidenced by the informal response to his inmate appeal addressing this matter.  See

6   Doc. No. 1 at 46.  This action commenced on August 9, 2010.  Thus, petitioner was aware of the

7   facts underlying his claim at least more than one year prior to filing suit (indeed, petitioner was

8   aware of it for nearly seven years prior to filing).  As such, petitioner's claims are time-barred.

9   B.    Appointment of Counsel

10         Petitioner has also requested the appointment of counsel.  There currently exists

11   no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105

12   F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of

13   counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R.

14   Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice

15   would be served by the appointment of counsel at the present time.

16         Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

17   States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

18   it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

19   appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

20   showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

21   issue a certificate of appealability indicating which issues satisfy the required showing or must

22   state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

23         Where, as here, the petition is dismissed on procedural grounds, a certificate of

24   appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

25   debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of

26   reason would find it debatable whether the petition states a valid claim of the denial of a

1   constitutional right.'" <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting <u>Slack v.</u>

2   <u>McDaniel</u>, 529 U.S. 473, 484 (2000)).

3         After careful review of the entire record herein, this court finds that petitioner has

4   not satisfied the first requirement for issuance of a certificate of appealability in this case.

5   Specifically, there is no showing that jurists of reason would find it debatable whether this action

6   is barred by the statute of limitations.  Accordingly, the court should not issue a certificate of

7   appealability.

8         Therefore, IT IS HEREBY ORDERED that:

9         1.  Petitioner is granted leave to proceed in forma pauperis;

10        2.  Petitioner's motion for copies of transcripts is denied;

11        3.  Petitioner's request for appointment of counsel is denied;

12        4.  The Clerk of the Court assign a district judge to this matter; and

13        IT IS HEREBY RECOMMENDED that:

14        1.  The petition for writ of habeas corpus be dismissed; and

15        2.  The court decline to issue a certificate of appealability.

16        These findings and recommendations are submitted to the United States District

17  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

21  objections shall be filed and served within fourteen days after service of the objections.  The

22  /////

23  /////

24  /////

25  /////

26  /////

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: May 13, 2011.

4

5                                                     _____

6                                                     UNITED STATES MAGISTRATE JUDGE

7   /014;dust2107.114.jfm

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26